CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED for Ch'ville
APR 0 3 2007
JOHN F. CORCORAN, CLERK
BY: Fay Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:06-CR-00017-014 |
| v. | OPINION AND ORDER |
| ERIC S. WAYBRIGHT, *Defendant.* | JUDGE NORMAN K. MOON |

This matter came on for sentencing on March 23, 2007, the defendant having pled guilty to the indictment in October, 2006. In the intervening months, the defendant's original counsel's license to practice law in Virginia was suspended for a period of six months, so the Court appointed new counsel to continue this representation.

In the meantime, the Court received and filed several letters written by the defendant's mother and girlfriend, complaining of various aspects of the investigation, the conduct and integrity of the agents involved in the investigation, and the professional behavior of the defendant's original counsel.

Out of an abundance of caution, the United States Attorney recommended that the defendant be given an opportunity to plead anew, or to go to trial, as the defendant thought best, so that any concerns he may have about his prior representation or about the conduct of the agents could be brought to the Court's attention. The defendant persisted in his determination to plead guilty, so the Court conducted a new Rule 11 proceeding to assure that the defendant was

making a knowing and voluntary plea. Following that procedure, his plea was accepted and, there being no objection, the Court proceeded to sentence the defendant in accordance with his plea. In addition, the Court heard testimony from the two individuals who wrote to the Court, expressing their concerns.

Because both the United States and the defendant himself, in allocution, expressed concerns about the effect of the letters received by the Court and about the conduct of prior counsel, the Court makes the following findings of fact and conclusions of law:

1. Because the defendant received a full opportunity to plead anew with close assistance of competent counsel, the Court's decision was not influenced to any extent by the conduct of former counsel. The sentence imposed reflects the Court's assessment of the relevant sentencing statutes, advisory guidelines, and substantial assistance motion by the United States, as detailed in open Court and in the Judgment and Commitment Order.

2. The Court finds that the letters received from family members and other supporters reflect an incomplete, indirect, or mistaken understanding of the situation facing the defendant. When given the opportunity to present any testimony or other evidence of misconduct on the part of any person involved in the investigation and prosecution of this case, the witnesses had nothing to offer. The Court notes that the defendant, in allocution, distanced himself from these letters and the allegations and assertions they contain. For all of these reasons, the Court finds that the allegations of misconduct incorporated in these two letters are unsupported by any evidence and are therefore unfounded. Being unfounded, the issues associated with these letters played no part in the Court's acceptance of the guilty plea and were simply disregarded by the Court during the sentencing process.

The Clerk of this Court is directed to file this Opinion and Order among the papers of the

case, making this Order available to any person to whom the letters are available. The Clerk is also directed to send a copy of this Order to the Defendant all counsel of record.

ENTERED: /s/ Norman K. Moon
U.S. District Judge

April 3, 2007
Date